In re Everett LAW, Bankrupt.

**FARMERS & MERCHANTS BANK, Plaintiff,**

v.

**Everett LAW**

**and**

**John R. Patterson, Trustee, Defendants.**

**Bankruptcy No. 79–00598.**

United States Bankruptcy Court,
W. D. Virginia.

Nov. 26, 1979.

Ralph B. Rhodes, Rocky Mount, Va., for plaintiff.

John Lee Hopkins, Rocky Mount, Va., for defendant, bankrupt.

John R. Patterson, Roanoke, Va., trustee, pro se.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue here is whether the validity of a gift of a Monarch Mobile Home is affected by the fact that the alleged donor transferred control and possession of the mobile home to the donee, but failed to completely execute the assignment of title until after the filing of the petition in bankruptcy.

The facts are not in dispute and essentially are as follows:

On or about August 26, 1978, the Bankrupt, Everett Law, transferred a certain 1973 Monarch Mobile Home, No. 0523 to Ronald Dale Law, Transferee. The Bankrupt and the Transferee entered into a promissory note agreeing to pay Farmers & Merchants Bank, Boones Mill, Va., the sum of THREE THOUSAND TWO HUNDRED and 00/100 DOLLARS ($3,200.00), which note was secured by the mobile home. Ronald Law has made all payments thereon.

In the transfer of the certificate of title to the mobile home, the Bankrupt failed to endorse the back of the title and the Transferee failed to forward the title to the Division of Motor Vehicles in Richmond, Va. for registration. The Transferee, nevertheless, went into possession of the mobile home and made payments on the note.

Farmers & Merchants Bank, by Counsel, now requests this Court to abandon the mobile home from the Bankruptcy proceedings.

Under Virginia law, if the assignment of the certificate of title of a motor vehicle such as a mobile home has not been duly executed pursuant to *Va.Code Ann.* § 46.1–87 (1974 Repl.Vol.), the transferor has at least a legal title and the entire transaction is executory. See *Wicker v. National Surety Company*, 330 F.2d 1009 (4th Cir. 1964). Because of non-compliance with the "mandatory" provisions of the *Virginia Code* regarding transfer of title, the legal title to the mobile home remains in the Bankrupt, even though the alleged transferee has possession and has been paying the monthly installments on the note.

The Trustee, however, has certain duties regarding executory contracts. See *Bankruptcy Act* § 70(b); *Rules of Bankruptcy Procedure*, Rule 607, which provides:

"Within 30 days after the qualification of the trustee, unless the court for cause shown extends or reduces the time, the trustee shall file a statement showing any executory contracts of the bankrupt, including unexpired leases, which the trustee has assumed. Whenever practicable, the trustee shall obtain approval of the court before he assumes a contract. Any such contract not assumed within 60 days after qualification of the trustee, or within such further or reduced time as the court may allow within such 60-day period, shall be *deemed* to be rejected. If a trustee does not qualify, any such contract shall be deemed to be rejected at the expiration of 60 days after the date of an order directing that a trustee be not appointed, or at such earlier or later time as the court may fix within such 60-day period. On application by the trustee for authority to assign any contract he has assumed pursuant to this rule, the court shall determine the matter after hearing on notice to the other party to the contract." (emphasis added)

See also 4a Collier on Bankruptcy, § 70.-44, *et seq.*

Implicit in *Rule* 607 is the Trustee's duty to investigate the affairs of the Bankrupt and determine if any executory contracts exist. Then, the Trustee must decide whether the assumption of the executory contract would be a benefit to the estate and the general creditors. See *Collier, supra* at Section 607.06 which also notes the emphasis on close court supervision of the Trustee's assumption of executory contracts. There it is said:

"Certainly, the trustee's judgment in this regard must be given substantial weight. Nevertheless, the court must carefully consider whether the estate is in a position to assume and carry out the bankrupt's obligations under an executory contract." at § 607.06

Upon consideration of this estate and in an effort to keep Ronald Dale Law whole to the extent of his equity in the mobile home and his possession in it, and, upon no evidence offered by the Trustee to the contrary, this Court determines that the estate is not in a position to assume the executory gift or contract.

Thus, because the gift or contract was executory, the trustee must affirmatively assume it within thirty days after qualification or, if he does not, then sixty days after qualification the executory contract will be taken as rejected. 13 *Collier on Bankruptcy* § 607.06 (14th Ed. 1975). Since the record does not indicate any assumption of the executory contract by the Trustee pursuant to Rule 607, and the 60 day limitation having run, accordingly it is hereby

## ORDERED

that the 1973 Monarch Mobile Home No. 0523 is not a part of this estate and it further appearing that the alleged Transferee, Ronald Dale Law is not before this Court, the remedies of Farmers & Merchants Bank lie elsewhere in such court as it may be advised.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Bankrupt; John Lee Hopkins, Esq., Counsel for the Bankrupt; John R. Patterson, Esq., Trustee; and Ralph B. Rhodes, Esq., Counsel for Farmers & Merchants Bank.